SUPERIOR COURT
OF THE
STATE OF DELAWARE

RICHARD F. STOKES
*JUDGE*

SUSSEX COUNTY COURTHOUSE
1 THE CIRCLE, SUITE 2
GEORGETOWN, DELAWARE 19947
TELEPHONE (302) 856-5264

July 2, 2018

Francis J. Jones, Esquire
Morris James LLP
803 North Broom Street
Wilmington, Delaware 19806

Brian D. Tome, Esquire
Kelly E. Rowe, Esquire
Reilly, Janiczek, McDevitt, Henrich &
Cholden, P.C.
Delle Donne Corporate Center
1013 Centre Road, Suite 210
Wilmington, Delaware 19805

Re: *Saint-Louis v. Donegal Mutual Insurance Co.,*
C.A. No. S17C-08-010

On Defendant's Motion for Summary Judgment: DENIED

Date Submitted: April 5, 2018
Date Decided: July 2, 2018

Dear Counsel,

This matter is presently before the Court on the motion of the Defendant Donegal Mutual

Insurance Company ("Defendant") for summary judgment against the Plaintiffs Wisline Saint-Louis,

individually and as Guardian of John Kelly Dieudonne; Saint Armand Corvil, as Guardian of Ritchy

Corvil; and Lefils Florestal (collectively, "Plaintiffs"). Plaintiffs oppose the Motion. For the

foregoing reasons, Defendant's Motion for Summary Judgment is DENIED.

## I.    FACTUAL BACKGROUND

This claim arises out of an accident that occurred on March 10, 2017, in Sussex County,

Delaware. Saint-Louis was driving a vehicle owned by her husband, Florestal when a vehicle

operated by Gabriela Reyes struck her. Saint-Louis and her passengers, Dieudonne and Corvil, were

injured and incurred medical expenses as a result of the accident. At the time of the collision, Defendant insured Florestal's vehicle under an automobile insurance policy (hereinafter, "Policy"), which included personal injury protection coverage ("PIP"), pursuant to 21 *Del. C.* § 2118.

Saint-Louis and Dieudonne signed applications for benefits on March 28, 2017. On her application for benefits ("AFB"), Saint-Louis described her injury as "lower back, right knee and both shoulders."[1] Dieudonne's injury is listed as "lower back, mid back and neck" on his AFB.[2] On April 3, 2017, Corvil signed an AFB. His injury is identified as "lower back."[3]

While it is not immediately clear from the record when Defendant received the Plaintiffs' AFBs, on May 5, 2017, Defendant sent a letter to Plaintiffs noting that the investigation into the accident was ongoing and a decision regarding the claims would be made at the conclusion of the investigation. Identical letters were sent to Plaintiffs on a regular basis through at least November 1, 2017. The letters do not specify the nature of Defendant's ongoing investigation.

On August 14, 2017, Plaintiffs initiated this suit against Defendant for failure to pay medical expenses and bad faith in failing to do so. Plaintiffs later amended the complaint to add a claim for damages to Florestal's vehicle. Plaintiffs seek compensatory damages, consequential damages, punitive damages, pre-judgment interest, post-judgment interest, attorney's fees, and costs.

Defendant asserts it is entitled to summary judgment because it has paid medical expenses, save a chiropractor's bill, and there is no evidence its delay in doing so was motivated by bad faith.

---

[1] Defendant's Motion for Summary Judgment, Exhibit F (hereinafter cited as "Def. Mt., Exhibit __").

[2] *Id.*

[3] *Id.*

The parties have stipulated to the dismissal with prejudice of the claims against Saint-Louis and Florestal. The claims remain pending as to Dieudonne and Corvil.

## II.   STANDARD OF REVIEW

This Court will grant summary judgment only when no material issues of fact exist, and the moving party bears the burden of establishing the non-existence of material issues of fact.[4] Once the moving party has met its burden, the burden shifts to the non-moving party to establish the existence of material issues of fact.[5] Where the moving party produces an affidavit or other evidence sufficient under Superior Court Civil Rule 56 in support of its motion and the burden shifts, the non-moving party may not rest on its own pleadings, but must provide evidence showing a genuine issue of material fact for trial.[6] If, after discovery, the non-moving party cannot make a sufficient showing of the existence of an essential element of his or her case, summary judgment must be granted.[7] If, however, material issues of fact exist, or if the Court determines that it does not have sufficient facts to enable it to apply the law to the facts before it, summary judgment is inappropriate.[8]

## III.   DISCUSSION

Defendant alleges it is entitled to summary judgment because its delay in payment was warranted, its denial of the chiropractic claims was appropriate, and Plaintiffs' claims are moot. Plaintiffs respond that it is premature to ignore their bad faith claim and that the chiropractic

---

[4] *Moore v. Sizemore*, 405 A.2d 679, 680 (Del.1979).

[5] *Id.* at 681.

[6] Super. Ct. Civ. R. 56(e); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–323, (1986).

[7] *Burkhart v. Davies*, 602 A.2d 56, 59 (Del. 1991), *Celotex Corp., supra.*

[8] *Ebersole v. Lowengrub*, 180 A.2d 467, 470 (Del. 1962).

3

treatment was, in fact, justified.

The Court agrees with Plaintiffs that it would be premature to grant summary judgment in favor of Defendant at this juncture.

Section 2118B of Title 21 of the Delaware Code provides, in pertinent part:

(a) The purpose of this section is to ensure reasonably prompt processing and payment of sums owed by insurers to their policyholders and other persons covered by their policies pursuant to § 2118 of this title, and to prevent the financial hardship and damage to personal credit ratings that can result from the unjustifiable delays of such payments.

....

© When an insurer receives a written request for payment of a claim for benefits pursuant to § 2118(a)(2) of this title, the insurer shall promptly process the claim and shall, no later than 30 days following the insurer's receipt of said written request for first-party insurance benefits and documentation that the treatment or expense is compensable pursuant to § 2118(a) of this title, make payment of the amount of claimed benefits that are due to the claimant or, if said claim is wholly or partly denied, provide the claimant with a written explanation of the reasons for such denial....[9]

Plaintiffs allege bad faith on Defendant's part for failing to comply with this statutory provision. In order to establish bad faith, "the plaintiff must show that the insurer's refusal to honor its contractual obligation was clearly without any reasonable justification."[10]

Although Defendant alleges it has paid all of Plaintiffs' claims, with the exception of the chiropractic treatment, for which Defendant submitted a report to the Insurance Fraud Prevention Bureau, the record does not contain proof of payment. Moreover, the record does not indicate when invoices were submitted to Defendant for payment. In sum, the Court cannot determine from the

---

[9] 21 *Del. C.* § 2118B.

[10] *Casson v. Nationwide Ins. Co.*, 455 A.2d 361, 369 (Del. Super. 1982).

4

record as it now stands whether claims have been submitted and/or paid.

In addition, Plaintiffs have raised issues regarding bad faith that bear further investigation and development.[11] Discovery deadlines have not yet been set and Defendant is, understandably, refusing to engage in further discovery pending the outcome of its Motion for Summary Judgment. In due time, the record will be enlarged to address these questions. In the meantime, Defendant's Motion for Summary Judgment is premature and must be denied.

## IV. CONCLUSION

Considering the foregoing, Defendant's Motion for Summary Judgment is DENIED.

IT IS SO ORDERED.

Very truly yours,

Richard F. Stokes

oc:     Prothonotary

---

[11] *Ebersole v. Lowengrub*, 180 A.2d 467, 468 (Del. 1962).